[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff whose maiden name was Connie Compano and whose name at the time of the marriage was Connie Compano Rose, and the defendant intermarried on April 16, 1995 at Guilford, Connecticut. This is a subsequent marriage for both parties of 1 year — duration. The court finds that the allegations of the complaint have been proven. Therefore a decree of dissolution of marriage is entered on the ground of irretrievable breakdown of the marriage relationship.
The parties have each waived alimony from the other. There are no minor children of the marriage and 2 minor children of the defendant of a prior marriage whose support is not before the court.
The plaintiff and defendant each own a 1/2 undivided interest in the marital home at 366 Thompson Avenue, East Haven, CT. There is negligible if any equity in said property which is presently under foreclosure. CT Page 50
The parties have stipulated and the court orders that the plaintiff wife quitclaim her interest in said property to the husband. The court further orders that the husband cancel a note of the plaintiff to him in the amount of $58,500, and that he hold the plaintiff harmless with respect to any and all obligation pursuant to said note. In addition the plaintiff presented evidence of substantial payments to or on behalf of the defendant during the marriage, as follows:
1. $10,834.13 for improvements to the Thompson Street property.
2. $200.00 for payment of husband's bills to Sam's Club and J.C. Penney's incurred prior to the marriage.
3. $2,000.00 for payment of husband's counsel fees to counsel in his prior divorce.
4. $3,000.00 in payment of husband's settlement obligations to prior wife.
5. $4,100.00 for purchase of 1987 Plymouth Voyager used by husband and subsequently sold by wife for $2,900.00. With respect to the home improvements, the court believes that the plaintiff has derived some benefit from the improvements in the approximately 1 year that she has resided in the house. Therefore, the court orders that both parties share said expense to the extent that defendant reimburse plaintiff the sum of $8,000.00. In addition the court orders the defendant to reimburse the plaintiff the sum of $5,200, covering the reimbursement to plaintiff of (2), (3) and (4) above.
The court is not ordering reimbursement with respect to the $1,200 loss on the Plymouth Voyager for the reason that all vehicles depreciate due to wear and tear and mileage, which depreciation would have occurred in any event as the Voyager was one model year older as of the time of sale.
Therefore, the court orders that the defendant reimburse the plaintiff the sum of $13,200, payable as a lump sum within 60 days of the date of this decision. If the plaintiff is unable to make said lump sum payment, payment shall be made by him at the rate of $150.00 per week commencing January 17, 1997 and continuing until paid in full. Said payments are to be secured by CT Page 51 a wage execution on defendant's earnings.
In the event of the plaintiff's death before payment in full of said $13,200 has been received by her, any balance remaining shall be payable by defendant to the surviving children of the plaintiff.
In the event of the defendant's death leaving an unpaid balance due the plaintiff, said debt shall be binding upon and payable by the defendant's estate.
6. The defendant shall pay $2,000 toward plaintiff's counsel fees within 90 days of this decision.
David W. Skolnick, Judge